# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

149168-9

DIANE NASH, Personal Representative of the
ESTATE OF CHANCE AARON NASH,
       Plaintiff-Appellee,

v

DUNCAN PARK COMMISSION,
       Defendant-Appellant.
_____/

SC: 149168
COA: 309403
Ottawa CC: 10-002119-NO

DIANE NASH, Personal Representative of the
ESTATE OF CHANCE AARON NASH,
       Plaintiff-Appellee,

v

DUNCAN PARK TRUST, and EDWARD
LYSTRA, RODNEY GRISWOLD, and JERRY
SCOTT, Individually and as Trustees of the
DUNCAN PARK TRUST,
       Defendants-Appellants.
_____/

SC: 149169
COA: 314017
Ottawa CC: 12-002801-NO

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of October 24, 2014. We further VACATE that part of the March 20, 2014 Court of Appeals opinion addressing whether the Duncan Park Commission is a "board" of the City of Grand Haven. That issue was not raised below and the Court of Appeals should not have reached it sua sponte. In all other respects, leave to appeal is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

BERNSTEIN, J. (*concurring in part and dissenting in part*).

While I agree with the majority's decision to vacate the order granting leave to appeal in this case as improvidently granted and deny leave, I respectfully dissent from

the majority's decision to vacate the part of the Court of Appeals' opinion addressing whether the Duncan Park Commission (Commission) is a "board" of the city of Grand Haven.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, provides narrow exceptions to the general rule that governmental entities are immune from tort liability. The question presented by this case is whether an entity like the Commission is a "board . . . of a political subdivision," MCL 691.1401(e), and therefore entitled to immunity.

The Court of Appeals concluded that the Commission was not a board of a political subdivision, emphasizing that the Commission was not subject to any meaningful oversight by Grand Haven. I agree with the Court of Appeals' conclusion that "[r]ather than serving as an instrumentality or 'political subdivision' of Grand Haven, the Commission is an independent, autonomous, private body that administers privately held land." *Nash v Duncan Park Comm,* 304 Mich App 599, 634-635 (2014).

Like private entities that are not entitled to governmental immunity, the Commission functions independently from the municipal government. The Commission, as a private entity would, maintains and operates Duncan Park without significant supervision from Grand Haven. The ordinance that created the Commission allows the Commission to make its own rules and regulations. Although the mayor formally ratifies the appointment of each member of the Commission, it is the Commission itself that chooses its own successors who serve unlimited terms. Unlike other boards and commissions created by Grand Haven and bound by the Grand Haven City Charter, the Commission appoints its members without the city council's confirmation.

If an entity does not function and operate as a governmental entity, then it should not receive the privileges of governmental immunity no matter what label the entity has given itself. As the Court of Appeals stated, "Designating the Commission a 'board' does not transform a private group into a political subdivision." *Id.* at 635. I agree with this statement and would retain its inclusion in the Court of Appeals' opinion to emphasize that the entitlement to governmental immunity should not be so readily accessible to an entity operating without governmental oversight in a manner similar to a private entity. Accordingly, while I agree with the majority's decision to preserve the result of the Court of Appeals' opinion, I would simply vacate the order granting leave as improvidently granted and deny leave to appeal, leaving in place the entirety of the Court of Appeals' opinion.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2015



Clerk

t0428